UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| MICHAEL S. GOLDBERG, LLC, ET AL. | : | Case No.: 09-23370 (JAM) |
| Debtors. | : | Substantively Consolidated |

_____

| | | |
|---|---|---|
| JAMES BERMAN, CHAPTER 7 TRUSTEE | : | Adversary Proceeding |
| | : | No. 17-02029 (JAM) |
| Plaintiff, | : | |
| DEI PROPERTY MANAGEMENT, LLC, ET AL. | : | |
| Defendants. | : | AUGUST 3, 2017 |

## ANSWER

Defendants DEI Property Management, LLC ("DEI PM"), Roland G. LaBonte ("R. LaBonte"), Marilyn P. LaBonte (M. LaBonte"), Roland G. LaBonte, Trustee of the Roland G. LaBonte Revocable Trust ("R. LaBonte Trustee"), and Marilyn P. LaBonte, Trustee of the Marilyn P. LaBonte Revocable Trust ("M. LaBonte Trustee) hereby answer plaintiff's Complaint dated June 2, 2017 as follows:

## SUMMARY OF CLAIMS

Defendants rely upon and adopt their answers to the formal allegations made by the plaintiff as set forth below. Any allegation not admitted in the defendants' answer to any numbered paragraph is denied.

## JURISDICTION, VENUE, AND NATURE OF THIS PROCEEDING

1.      Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

2.      Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

3.      Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

4.      Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

5.      Paragraph 5 is admitted in part to the extent that this court has limited jurisdiction over this action under 28 U.S.C. Sections 157 and 1334(b). It is denied to the extent that it alleges that this court has the ability to enter a judgment on plaintiff's claims. **PURSUANT TO BANKRUPTCY RULE 7012(B), DEFENDANTS HEREBY STATE THAT THEY DO NOT CONSENT TO THE ENTRY OF FINAL ORDERS OR JUDGMENT BY THE BANKRUPTCY COURT.**

6.       Paragraph 6 is admitted.

7.      Paragraph 7 is admitted.

## PARTIES AND KEY NON-PARTIES

8.      Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

9.      Paragraph 9 is admitted.

10.      Paragraph 10 is admitted.

11.      Paragraph 11 is admitted except for the allegation that Marilyn P. LaBonte, Trustee of the Marilyn P. LaBonte Revocable Trust is a member of DEIPM which allegation is denied.

12.      Paragraph 12 is admitted.

13.      Paragraph 13 is denied to the extent that it alleges any fraudulent transfers. The balance of Paragraph 13 is admitted.

## FACTS COMMON TO ALL COUNTS

### a.      S. LaBonte's Efforts to Hinder, Delay and Defraud the Trustee

14.      Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

15.      Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

16.      Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

17.     Paragraph 17 is denied.

18.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

19.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

20.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

21.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

22.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

23.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

24.     Paragraph 24 is admitted.

25.     Paragraph 25 is admitted to the extent it alleges asset transfers to the Dynasty Trust effective June 2, 2010. Defendants lack sufficient information or

knowledge to either admit or deny the balance of Paragraph 25 and, therefore, leave the plaintiff to his proof.

26.    Paragraph 26 is admitted.

**b.**    **<u>Devcon's Business, Management and Ownership Structure</u>**

27.    Paragraph 27 is admitted.

28.    Paragraph 28 is admitted.

29.    Paragraph 29 is admitted.

30.    Paragraph 30 is admitted.

31.    Paragraph 31 is admitted.

32.    Paragraph 32 is admitted.

**c.**    **<u>The Trustee's Claims Against S. LaBonte and LaBonte Family Members</u>**

33.    Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

34.    Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

35.    Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

36.    Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

37.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

38.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

### d.     The Trustee's Claims Against the Dynasty Trust, S. LaBonte's Entities and S. LaBonte's Family

39.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

40.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

41.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

42.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

43.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

### e.    Devcon's Efforts to Hinder, Delay and Defraud the Trustee

44.    Paragraph 44 is denied.

45.    Paragraph 45 is admitted except for the allegation that that Marilyn P. LaBonte, Trustee of the Marilyn P. LaBonte Revocable Trust is a member of DEIPM which allegation is denied.

46.    Paragraph 46 is denied.

47.    Paragraph 47 is admitted to the extent that it alleges some of the employees of DEIPM are former employees of Devcon and that some of Devcon's assets were transferred to DEIPM on or about February or March 2015. The balance of Paragraph 47 is denied.

48.    Paragraph 48 is admitted to the extent that it alleges that Devcon assigns some of its vendor to DEIPM including a contract with a company named Yardi that provided accounting software to property management companies. The balance of Paragraph 48 is denied.

49.    Paragraph 49 is admitted to the extent that it alleges that DEIPM acquired office space at 433 South Main Street, West Hartford, Connecticut and that this property is the same building at which Devcon had maintained its own separate office space. It is also admitted to the extent that some of Devcon's office furniture and equipment was moved to DEIPM's office space after being purchased by DEIPM and that DEIPM's office space is one floor below Devcon's office space. All remaining allegations of Paragraph 49 are denied.

50.    Paragraph 50 is denied.

51.    Paragraph 51 is denied.

52.     Paragraph 52 is admitted.

53.     Paragraph 53 is admitted to the extent that it alleges that at the time of its dissolution, Devcon had been in business for nearly forty years. The balance of Paragraph 53 is denied.

54.     Paragraph 54 is denied.

55.     Paragraph 55 is admitted to the extent it alleges that S. LaBonte, R. LaBonte and M. LaBonte were generally aware that the trustee was asserting claims against Devcon at the time of Devcon's dissolution and when certain of its assets were sold to DEIPM. All remaining allegations of Paragraph 55 are denied.

**First Claim for Relief (Intentional Fraudulent Transfer**
**Pursuant to Conn. Gen. Stat. § 52-552e(a)(1)) against all Defendants**

56.     The answers to Paragraphs 8 through 55 are repeated and realleged as if fully set forth herein.

57.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

58.     Paragraph 58 is denied.

59.     Paragraph 59 is denied.

60.     Paragraph 60 is denied.

61.     Paragraph 61 is admitted.

62.     Paragraph 62 is admitted to the extent that it alleges that DEIPM from the date of its formation, June 9, 2015, until it commenced business had no assets. It is denied to the extent it alleges that DEIPM was a "shell". The balance of Paragraph 62 is denied.

## Second Claim for Relief (Constructive Fraudulent Transfer
## Pursuant to Conn. Gen. Stat. § 52-552e(a)(2)) against all Defendants

63.    The answers to Paragraphs 8 through 55 are repeated and realleged as if fully set forth herein.

64.    Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

65.    Paragraph 65 is denied.

66.    Paragraph 66 is admitted to the extent that it alleges that Devcon was dissolved on March 30, 2015 after the transfer of some of its assets to DEIPM. The balance of Paragraph 66 is denied.

67.    Paragraph 67 is denied.

68.    Paragraph 68 is denied.

69.    Paragraph 69 is denied except that the defendants admit DEIPM is the first transferee of some vendor contracts and some personal property.

70.    Paragraph 70 is admitted to the extent that it alleges that DEIPM from the date of its formation, June 9, 2015, until it commenced business had no assets. It is denied to the extent it alleges that DEIPM was a "shell". The balance of Paragraph 70 is denied.

## Third Claim for Relief (Constructive Fraudulent Transfer
## Pursuant to Conn. Gen. Stat. § 52-552f(a)) against all Defendants

71.    The answers to Paragraphs 8 through 55 are repeated and realleged as if fully set forth herein.

72.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

73.     Paragraph 73 is denied.

74.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

75.     Paragraph 75 is denied.

76.     Paragraph 76 is denied.

77.     Paragraph 77 is denied except that the defendants admit DEIPM is the first transferee of some vendor contracts and some personal property.

78.     Paragraph 78 is admitted to the extent that it alleges that DEIPM from the date of its formation, June 9, 2015, until it commenced business had no\ assets. It is denied to the extent it alleges that DEIPM was a "shell". The balance of Paragraph 78 is denied.

**Fourth Claim for Relief (Successor Liability) against DEIPM**

79.     The answers to Paragraphs 8 through 55 are repeated and realleged as if fully set forth herein.

80.     Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

81.     Paragraph 81 is denied.

82.     Paragraph 82 is denied.

83.   Paragraph 83 is denied.

84.   Paragraph 84 is denied.

85.   Paragraph 85 is denied.

**Fifth Claim for Relief (Aiding and Abetting a Fraudulent Transfer)**
**against R. LaBonte, M. LaBonte, R. LaBonte Trustee and M. LaBonte Trustee**

86.   The answers to Paragraphs 8 through 55 are repeated and realleged as if fully set forth herein.

87.   Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

88.   Paragraph 88 is admitted to the extent it alleges that Connecticut General Statutes Section 52-552h(a)(C) includes language that reads "any other relief the circumstances may require." Paragraph 88 is denied to the extent it alleges that the plaintiff is entitled to any relief in this case.

89.   Paragraph 89 is denied.

90.   Paragraph 90 is admitted

91.   Paragraph 91 is denied.

92.   Paragraph 92 is denied.

93.   Paragraph 93 is admitted to the extent it alleges the identity of M. LaBonte and her relationships to R. LaBonte and S. LaBonte and Chad LaBonte and to Sally and that Sally is a trustee of the Dynasty Trust. It is denied to the extent it alleges the existence of any fraudulent transfers. Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

94.    Paragraph 94 is admitted to the extent that M. LaBonte is aware that there are various litigations involving her husband, children and daughter-in-law by the plaintiff. It is denied to the extent it alleges the existence of any fraudulent transfers. Defendants lack sufficient information or knowledge to either admit or deny the truth of the allegations made in this paragraph and, therefore, leave the plaintiff to his proof.

95.    Paragraph 95 is denied.

96.    Paragraph 96 is denied.

97.    Paragraph 97 is denied.

98.    Paragraph 98 is denied.

**Sixth Claim for Relief (Piercing the Corporate Veil) against
R. LaBonte, M. LaBonte, R. LaBonte Trustee and M. LaBonte Trustee**

99.    The answers to Paragraphs 8 through 55 are repeated and realleged as if fully set forth herein.

100.    Paragraph 100 is admitted except for the allegation that Marilyn P. LaBonte, Trustee of the Marilyn P. LaBonte Revocable Trust is a member of DEIPM which allegation is denied.

101.    Paragraph 101 is admitted.

102.    Paragraph 102 is admitted with the qualification that any business entity that is created does not have any business at the time of its creation.

103.    Paragraph 103 is denied.

104.    Paragraph 104 is admitted by defendants Roland G. LaBonte and Roland G. LaBonte, Trustee of the Roland G. LaBonte Revocable Trust. It is denied by the other defendants

105.    Paragraph 105 is denied.

106.    Paragraph 106 is denied.

107.    Paragraph 107 is denied.

108.    Paragraph 108 is denied.

**DEFENDANTS CLAIM A JURY TRIAL.**


DEFENDANTS


By: /s/ Mark H. Dean
          Mark H. Dean
          MARK H. DEAN, P.C.
          241 Main Street
          Hartford, CT 06106
          mdean@mhdpc.net
          (860) 541-6699
          Fed. No. CT01935

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice Of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Mark H. Dean_____
    Mark H. Dean (CT01935)